```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      JACKSONVILLE DIVISION
```

Zora Paige Barthlow,

               Plaintiff,

vs.                               Case No. 3:06-cv-1056-J-33MCR

James B. Jett, in his individual capacity,

               Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant's Motion to Dismiss (Doc. # 5), filed on December 21, 2006. Zora Paige Barthlow filed a response and memorandum (Doc. #9) on January 10, 2007. For the reasons stated below, the Motion to Dismiss is denied.

**I.   STANDARD OF REVIEW**

In deciding a motion to dismiss, the Court accepts the facts of the complaint as true and views them in the light most favorable to the non-moving party. See Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004)(citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, No. 05-1126, 2007 WL 1461066, at *11 (U.S. May 21, 2007).

The plaintiff is not required by the Federal Rules of Civil Procedure to "set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must be sufficient to afford the defendant "fair notice of what the claim is and the grounds upon which it rests." United States v. Baxter Int'l, Inc., 345 F.3d 866, 881 (11th Cir. 2003)(quoting Conley, 355 U.S. at 47). The complaint must contain inferential allegations from which the Defendant can derive "each of the material elements necessary to sustain a recovery under some viable theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 684 (11th Cir. 2001). Thus, the issue in a Rule 12(b)(6) motion[1] is not whether the plaintiff will ultimately prevail on his or her claims, but rather, whether the allegations contained in the complaint will be sufficient to allow discovery as to their proof. Jackam v. Hosp. Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579-80 (11th Cir. 1986).

---

[1] Jett brings this Motion to Dismiss under Rule 41(b), but Jett's allegations that the claim is barred by *res judicata* and collateral estoppel essentially state that the complaint fails to state a claim upon which relief can be granted. As such, the Court will read the Motion to Dismiss as being brought under Rule 12(b)(6). *Res judicata* and collateral estoppel are affirmative defenses and are properly brought under a Rule 12(b)(6) motion. Larter & Sons v. Dinkler Hotels Co., 199 F.2d 854, 855 (5th Cir. 1952).

**I.   FACTS**

Barthlow was an employee of the Clay County Clerk's Office (Doc. # 1 ¶ 5), and states she was terminated from her employment on January 4, 2005.  (Doc. # 1 ¶ 14)  She alleges the reason for her firing was due to her filing a formal complaint with the Florida Elections Commission against Jett, Clerk of the Courts for Clay County.  (Doc. # 1 ¶¶ 17-18)  Barthlow alleges she reported Jett for campaign violations after she was approached by her supervisor to donate to Jett's re-election campaign.  (Doc. # 1 ¶¶ 6, 9)  After Jett was notified of Barthlow's complaint, Barthlow alleges that in retaliation Jett reassigned her job duties, wrote her up for disciplinary infractions, and ultimately terminated her employment.  (Doc. # 1 ¶ 12)

Barthlow originally brought suit on February 22, 2005 in a Florida state court against Jett, in his official capacity as Clerk of the Court, under § 112.3187, Florida Statutes (2004) for violation of Florida's Public Sector Whistle-blower Act.  (Doc. # 5 Ex. A)  That suit was dismissed without prejudice for Barthlow's non-compliance with § 768.28(6)(b), Florida Statutes (2004), which requires written notice of a claim to the appropriate state agency before an action may be instituted against the state.  (Doc. # 5 Ex. B)  Barthlow was also given leave to re-file once the statutory requirements were met.  (<u>Id.</u>)  Barthlow appealed the dismissal, which was upheld on June 5, 2006.  (Doc. #9 p. 3)

Barthlow filed this action on December 1, 2006.  She brought suit under 42 U.S.C. § 1983 for violation of her First Amendment rights to free speech.  She alleges that she "exercised her right to free speech in addressing a matter of public concern," and that Jett retaliated by altering the terms of Barthlow's employment and ultimately firing her.  (Doc. #1 ¶¶ 16-17)

Jett argues in his Motion to Dismiss that the state court's dismissal without prejudice of Barthlow's whistle-blower claim amounted to an adjudication on the merits.  He further argues that the underlying facts of Barthlow's whistle-blower claim and her First Amendment claim are the same.  As such, he contends that Barthlow's present cause of action is barred by *res judicata* or collateral estoppel.

### III. ANALYSIS

A federal court must apply the law of the state in which it sits with respect to *res judicata* and collateral estoppel.  Quinn v. Monroe County, 330 F.3d 1320, 1329 (11th Cir. 2003); McDonald v. Hillsborough County Sch. Bd., 821 F.2d 1563, 1565 (11th Cir. 1987).  Florida law requires that a final decision be rendered by a court of competent jurisdiction to give preclusive effect to a judgment.  Quinn, 330 F.3d at 1329.  In this case, there was no adjudication on the merits since the dismissal of Barthlow's suit was without prejudice.  "The dismissal of a cause of action . . . without prejudice . . . is not an adjudication on the merits and is no bar

to a subsequent suit on the same cause of action." Drady v. Hillsborough County Aviation Auth., 193 So. 2d 201, 205 (Fla. 2d DCA 1966).

Furthermore, even if the dismissal without prejudice could amount to a final adjudication on the merits, Barthlow's Florida whistle-blower claim and her First Amendment claim are distinct and separate causes of action. To prevail on a claim of collateral estoppel or *res judicata*, the defendant must show there are identical issues in both suits. Quinn, 330 F.3d at 1329. "The elements of a whistle-blower claim are distinct from the elements necessary to support a First Amendment protected speech claim." Stone v. City of Everglades City, No. 2:05-cv-209-FTM-29SPC, 2007 U.S. Dist. LEXIS 31428, at *8-9 (Fla. M.D. Apr. 30, 2007); Rice-Lamar v. City of Fort Lauderdale, 853 So. 2d 1125, 1132 (Fla. 4th DCA 2003). Therefore, the Court finds that neither *res judicata* nor collateral estoppel bar this cause of action, and Jett fails to show that the complaint fails to state a claim upon which relief can be granted.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

Defendant's Motion to Dismiss (Doc. #5) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 29th day of May, 2007.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record